UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **In re Brent E. Knighton** <br> **and Kelly L. Knighton, Debtors.** | **Bankruptcy No. 07 B 71560** <br> **Chapter 13** <br> **Judge Manuel Barbosa** |

### MEMORANDUM OPINION

This matter comes before the Court on the motion to modify Debtors Brent E. Knighton and Kelly L. Knighton's Chapter 13 plan filed by the Chapter 13 trustee Lydia Meyer ("Trustee"), pursuant to 11 U.S.C. § 1329, on August 26, 2008. For the reasons set forth herein, the Court concludes that the Trustee's motion to modify Debtors' Chapter 13 plan shall be granted.

### JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

### FACTS AND BACKGROUND

Debtors, Brent E. Knighton and Kelly L. Knighton ("Debtors"), filed a voluntary Chapter 13 petition on June 29, 2007. The 341(a) Meeting of Creditors was held on August 21, 2007. Debtors' chapter 13 plan was confirmed on September 28, 2007. Pursuant to Debtor's motion to modify due to "unexpected expenses for the repair of their vehicles," on April 4, 2008, the Court granted Debtor's motion and abated Debtor's Chapter 13 plan payments for two months. After the Chapter 13 Trustee, Lydia S. Meyer ("Trustee"), on July 3, 2008, filed a motion to dismiss for failure to provide a copy of 2007 tax return, Debtors subsequently submitted their 2007 tax

return. On August 26, 2008, Trustee filed this motion to modify plan and increase the plan payments by $452 to $13,324 because Debtors received $2452 from their 2007 tax refund, the tax refund was disposable income, and the refund amount above $2000 must be allocated to the plan. Debtors object to the increase of $452 because they paid a tax preparer $350 for his services with the 2007 tax return, and, thus, this $350 should not be disposable income. Debtors, however, concede that the remaining $102 of the proposed $452 increase shall be allocated to the plan. Debtors have not declared an exemption for tax refunds in any of their schedules.

In an order dated September 28, 2007 confirming Debtor's plan, the Court expressly included a requirement that Debtor file annual federal income tax returns to the Trustee, and stated, in pertinent part:

> Ordered that the debtor(s) shall file with the Trustee a copy of his/her/their 2007 complete tax return on or before May 15, 2008 . . . ; that the confirmation herein shall not bar the trustee from seeking a modification of the plan if it appears that additional disposable income is available to fund this Chapter 13. The Chapter 13 Plan is hereby amended accordingly.

## DISCUSSION

At issue is post-confirmation income and whether the Trustee may modify Debtors' Chapter 13 plan and increase the plan by $452, despite Debtors' $350 expenses relating to services performed on their 2007 tax return when Debtors' 2007 post-confirmation tax refund amounted to $2452.

11 U.S.C. § 521(f) imposes certain reporting requirements upon debtors regarding their income and expenses. In re Nance, 371 B.R. 358, 371 (Bankr. S.D. Ill. 2007). Debtors are now required, upon request by the Court, the United States trustee, or any party in interest, to file annual copies of their federal income tax returns as well as annual statements of income and expenditures with the Court. Ibid. (citing 11 U.S.C. § 521(f)). The purpose of this section is to

allow interested parties to monitor a debtor's financial situation during the pendency of the bankruptcy case and to seek modification of the plan pursuant to 11 U.S.C. § 1329 if changes in that situation occur. In re Nance, 371 B.R. at 371. In an order dated September 28, 2007 that confirmed Debtor's plan, the Court expressly included a requirement that Debtor file annual federal income tax returns with the Trustee. Accordingly, Debtors submitted their 2007 tax return with the Trustee.

After a review of Debtors' 2007 tax return, the Trustee filed a motion to modify Debtors' plan, pursuant to 11 U.S.C. § 1329, to increase Debtors' plan by $452 from Debtors' $2452 tax refund, pursuant to the Trustee's local practice of objecting to Debtors' refund exemptions above $2000 per year. Debtors concede $102 of this $452 plan increase, but contest the additional $350 that relates to their accountant's services performed in completing their 2007 tax return. Section 1329 is available to address post-confirmation modifications of the plan due to changes in a debtor's income and/or expenses. In re Nance, 371 B.R. at 367. Section 1329 provides, in pertinent part:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to-
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> * * *
> (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
> (2) The plan as modified becomes the plan, unless, after notice and a hearing, such modification is disapproved.

[In re Nance, 371 B.R. at 367 (quoting 11 U.S.C. § 1329).]

An issue arises as to whether the disposable income test applies to post-confirmation motions under § 1329 because § 1325(b)'s disposable income test is not among the restrictions

listed in section 1329(b)(1).[1] There is a split of authority on the issue. Some courts state that § 1325(b) is incorporated by reference into § 1325(a) because § 1325(a) provides, "Except as provided in subsection (b), the court shall confirm a plan if . . . the plan complies with the provisions of this chapter and with the other applicable provisions of this title." See In re Powers, 140 B.R. 476, 480 n.5 (Bankr. N.D. Ill. 1992). But see In re Golek, 308 B.R. 332, 337 (Bankr. N.D. Ill. 2004). In contrast, other courts apply the plain meaning statutory approach and find that the disposable income test does not apply to post-confirmation modifications. In re Golek, supra, 308 B.R. at 337 (citing In re Forbes, 215 B.R. 183, 191-92 (8th Cir. BAP 1997); In re Sounakhene, 249 B.R. 801, 805 (Bankr. S.D. Cal. 2000); In re Coleman, 231 B.R. 397, 401 (Bankr. S.D. Ga. 1999); In re Anderson, 153 B.R. 527, 529 (Bankr. M.D. Tenn. 1993)).

Despite the split of authority on whether the disposable income test applies to plan modifications, section 1325(a) is applicable at modification, and subsection (a)(3) includes a requirement that "the plan has been proposed in good faith." In re Brown, 332 B.R. 562, 566 (Bankr. N.D. Ill. 2005) (citing 11 U.S.C. § 1325(a)). Thus, confirming a modified plan that reflects a significant increase in available income and a commensurately increased payout to unsecured creditors comports with that good faith requirement. Ibid. (citing In re Arnold, 869 F.2d 240, 242 (4th Cir.1989); In re Sounakhene, supra, 249 B.R. at 805)). Moreover, the good faith test requires consideration of whether there is excess income above the current plan payments that is available for the debtor to pay into the plan. Id. at 567. In this case, the Trustee proposed a modified plan that increased the monthly payments by $452 and allowed Debtors to

---

[1] Under 11 U.S.C. § 1325(b)(2), "the term 'disposable income' means current monthly income received by the debtor . . . less amounts reasonably necessary to be expended." Prior to confirmation, a court may determine that amounts the debtor budgeted for expenses, including tax refunds, are excessive and outside the "reasonable necessary" standard. See In re Schnabel, 153 B.R. 809, 817 (Bankr. N.D. Ill. 1993) (citing In re Jones, 55 B.R. 462 (Bankr. D. Minn. 1985) (holding that certain college and secondary school tuition, food expenses, and house

maintain the remaining $2000 from their 2007 tax return. The Trustee asserts that Debtors may use $350 from their $2000 tax refund since Debtors chose to use professional assistance, rather than less expensive alternative means.

The Court need not consider 735 ILL. COMP. STAT. 5/12-1001(b) which provides a personal property exemption for "[t]he debtor's equity interest, not to exceed $4,000 in value, in any other property" because Debtor did not assert this exemption for their anticipated 2007 tax returns. Instead, on their Schedule C, Debtors utilized $1525 of their allocated $4000 exemption under 735 ILL. COMP. STAT. 5/12-1001(b) for a Chase savings account and miscellaneous household goods and furnishings. It should be noted that, under 735 ILL. COMP. STAT. 5/12-1001(b), the debtor may file an amended schedule C prior to confirmation and list an exemption for tax refunds. In re Rosenzweig, 245 B.R. 836, 838 (Bankr. N.D. Ill. 2000). Under the facts of this case, however, tax refunds are considered to be disposable income and must be applied to the Chapter 13 plan because they were not properly exempted prior to confirmation. In re Baines, 263 B.R. 868, 871 n.3 (Bankr. S.D. Ill. 2001) (citing Watters v. McRoberts, 167 B.R. 146, 147 (Bankr. S.D. Ill. 1994)).

Therefore, the Court grants the Chapter 13 Trustee's motion to modify Debtors' Chapter 13 plan.

---

payments were excessive, not reasonably necessary, and shall be included in the plan).

## CONCLUSION

For the foregoing reasons, the Court grants the Trustee's motion to modify Debtors' Chapter 13 plan.

THEREFORE, IT IS ORDERED that the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: November 14, 2008

_____

Manuel Barbosa
United States Bankruptcy Judge